SLIP OPINION

Cite as 2014 Ark. 112

# SUPREME COURT OF ARKANSAS

No. CV-13-450

| | |
|---|---|
| JAMES FITZGERALD VALLEY<br>APPELLANT | Opinion Delivered March 13, 2014 |
| V. | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>THIRD DIVISION<br>[NO. 60CV-12-5140] |
| PULASKI COUNTY CIRCUIT<br>COURT, THIRD DIVISION<br>APPELLEE | HONORABLE JAY MOODY, JUDGE<br><br>AFFIRMED. |

**CLIFF HOOFMAN, Associate Justice**

Appellant appeals from the Pulaski County Circuit Court's January 24, 2013 order finding him in criminal contempt and issuing a $250 fine for failing to appear and answer a valid legislative subpoena. The Arkansas Court of Appeals certified this case to us, stating that it involves issues of first impression and of substantial public interest; issues needing clarification or development of the law; and substantial questions of law concerning the validity, construction, or interpretation of an act of the General Assembly. Therefore, jurisdiction is properly in this court pursuant to Arkansas Supreme Court Rule 1-2(b) and (d) (2013). On appeal, appellant contends that (1) the circuit court erred in denying his motion to dismiss for lack of service pursuant to Ark. R. Civ. P. 4 (2012); (2) the circuit court erred in ruling that the subpoena issued by the legislative audit committee was a valid subpoena; and (3) the circuit court erred in finding appellant in criminal contempt. We affirm.

SLIP OPINION

This case arose after appellant had failed to appear and testify during a meeting of the Legislative Joint Auditing Committee's Standing Committee on Counties and Municipalities after he had been subpoenaed to do so by the Legislative Auditor, Mr. Roger A. Norman. The subpoena specifically stated that appellant would be compensated as a witness after his appearance and included an authorization form to complete and return for reimbursement pursuant to Ark. Code Ann. § 10-4-421 (Repl. 2012). The subpoena also specifically quoted Ark. Code Ann. § 10-4-421(d)(1), which provides,

> If any person subpoenaed to appear by the Legislative Auditor fails to appear or to produce books, documents, or records subpoenaed, the fact shall be certified to the circuit court of the county in which the hearing is held, and the circuit court shall punish the person for contempt in the same manner as punishment for contempt is imposed for failure to respond to a subpoena or directive of the circuit court.

After appellant had failed to appear as subpoenaed, Mr. Norman filed a petition for adjudication of contempt in the Pulaski County Circuit Court. In the petition, Ark. Code Ann. § 10-4-421(d)(1) and Ark. Code Ann. § 16-10-108(a)(3) (Repl. 2010) were cited and quoted as the statutory bases for further proceedings. Additionally, Mr. Norman, through counsel, requested the circuit court to determine that a prima facie showing of criminal contempt had been shown, to issue an order to show cause, to direct the service of the order to show cause with the petition to appellant, to find appellant guilty of criminal contempt after a hearing, and to punish appellant pursuant to Ark. Code Ann. § 16-10-108. On November 2, 2012, the circuit court issued an order to appear and show cause, citing Ark. Code Ann. §§ 10-4-421(d)(1) and 16-10-108(c), and ordered Mr. Norman to serve the order on appellant by any means provided for under Ark. R. Civ. P. 4. An affidavit that appellant

SLIP OPINION

was served by process server with the order to appear and show cause, the petition for adjudication of contempt, exhibit A, and the subpoena were filed on November 28, 2012.

On December 5, 2012, a hearing was held with Mr. Larry Jegley, the Pulaski County Prosecuting Attorney, and Mr. D. Franklin Arey, III, counsel on behalf of Mr. Norman, present. At the hearing, there was a brief discussion as to whether the proceedings against appellant were for civil or criminal contempt. Mr. Arey contended that the proceedings needed to continue as a matter of criminal contempt, and Mr. Jegley requested that he be appointed to proceed on behalf of the State in the case. Subsequently, an order was filed on January 3, 2013, appointing Mr. Jegley to represent the State of Arkansas in these proceedings and relieving Mr. Arey of any further responsibilities in this matter.

Appellant filed a motion to dismiss on December 10, 2012, alleging that the case should have been dismissed against him as he was never served a summons in compliance with Ark. R. Civ. P. 4. On January 8, 2013, the circuit court held a pretrial hearing on the motion to dismiss. It was undisputed that a summons was never served. However, the State argued that the criminal contempt-statute did not require a summons but only required that appellant have notice of the accusations, and the circuit court denied the motion to dismiss.

A trial was held immediately after the court denied the motion to dismiss. Mr. Norman testified that a state trooper had served appellant with a subpoena to attend a legislative committee meeting on October 11, 2012, at 1:30 in the State Capitol. He further testified, without objection, that Mr. Arey, legal counsel, had received a voicemail from appellant on the afternoon of October 10, 2012, informing him that appellant would not

appear at the meeting. On cross-examination, Mr. Norman testified that a witness-fee check had not been submitted with the subpoena and that there is no mechanism or person at the legislative audit division to hear motions to quash subpoenas.

After the State presented its evidence, appellant moved to dismiss the petition, alleging that there was no testimony of willful disobedience of a court order and that appellant should not be held in contempt of an invalid subpoena, since it was not accompanied by a witness fee pursuant to Ark. R. Civ. P. 45(d) (2012). After the State argued that Ark. R. Civ. P. 45 was inapplicable, the circuit court denied appellant's motion to dismiss.

Appellant testified that he appeared on behalf of his clients in Phillips County District Court on October 11, 2012, and did not finish until 12:30 that afternoon. He further testified that he had not received a witness fee with the subpoena. He spoke with Mr. Arey after receiving the subpoena but did not inform him that he had a conflict. Instead, appellant left Mr. Arey a voicemail on October 10, 2012, that he was not going to appear, despite the fact that he knew that he was scheduled to be in court prior to that day.

On rebuttal, Mr. Arey testified that the legislative audit division does not send witness fee checks with the subpoenas. Rather, the division sends a form with the subpoena to inform a person that they will be compensated after they appear and testify. At the conclusion of the rebuttal testimony, the State rested its case, and appellant's counsel responded to the court's inquiry that he had nothing further. The circuit court announced that it would take the case under advisement and explained that it would wait to make its ruling until after appellant had an opportunity to present any case law for its consideration.

Both the State and appellant filed posthearing briefs, and appellant's brief requested that the circuit court dismiss his case because the subpoena failed to comply with Ark. R. Civ. P. 45. However, the circuit court filed an order on January 24, 2013, finding that the subpoena was valid. The circuit court held that Ark. Code Ann. § 10-4-421 did not require compliance with Rule 45. Furthermore, the circuit court made the following findings of fact in holding appellant guilty of criminal contempt:

> The undisputed testimony at trial established that Mr. Valley had two communications with Frank Arey, counsel for the audit committee, following his receipt of the subpoena. These were the only communications Valley had with the Committee. The first was shortly after receipt of the subpoena to inquire as to the nature of the hearing. The second communication was made the day before the hearing and consisted of Mr. Valley leaving a voice message that he did not plan to attend the hearing the following day. Mr. Valley testified at the hearing that the reason he did not appear was because he had other court business in Helena. The Court finds that Mr. Valley's reasons for failing to answer the subpoena do not amount to good cause. The Court further finds that Mr. Valley is guilty of criminal contempt for failing to appear and answer a valid legislative subpoena. Mr. Valley is fined $250 for his contempt of the Arkansas General Assembly.

This appeal followed. In addition to the parties filing their briefs on appeal, the Arkansas Court of Appeals also granted the Arkansas Legislative Council, President Pro Tempore of the Senate, and the Speaker of the House of Representatives' motion to file an amicus curiae brief in support of the appellee on November 13, 2013.

Appellant contends in his first point on appeal that the circuit court erred in denying his motion to dismiss for lack of service pursuant to Ark. R. Civ. P. 4. Specifically, he alleges that the State served him a petition for adjudication of contempt along with an order to show

SLIP OPINION

cause but failed to include a summons as required by the Rule.[1]   However, appellant is mistaken.  This court specifically held in *Arkansas Department of Human Services v. R.P.*, 333 Ark. 516, 970 S.W.2d 225 (1998), that the rules of civil procedure do not apply in a criminal contempt proceeding.   Furthermore, this court rejected that a criminal summons was necessary under Ark. R. Crim. P. 6.3.  *Id*.  Instead, this court held that

> the governing provision is Ark. Code Ann. § 16-10-108, which sets forth the court's power to punish for criminal contempt and provides in part that "the party charged shall be notified of the accusation and shall have a reasonable time to make his defense."  Moreover, the Due Process Clause requires that an alleged contemnor be given notice of the charge of contempt pending against him and be informed of the specific nature of the charge.

*Id*. at 539–40, 970 S.W.2d at 237 (citing *Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988)).  The petition and order to show cause sufficiently provided appellant with notice that

---

[1]Additionally, appellant states that many additional rules were not followed if this court "is persuaded to accept this matter as a criminal matter," including Arkansas Rules of Criminal Procedure, Arkansas Rules of Professional Conduct, and Arkansas Rules of Judicial Conduct. Specifically, he mentions (1) that an ex parte hearing took place on December 5, 2012, after he had already been served with a petition of adjudication of contempt and order to show cause; (2) that his case was initially improperly styled "In the Circuit Court of Pulaski County, Arkansas, James Valley, Third Division, Case No. 60 CV-12-5140" instead of in the name of the State of Arkansas as required by Ark. R. Crim. P. 1.5; (3) that a citation was never issued as required by Ark. R. Crim. P. 5.4; (4) that no information was filed or summons issued pursuant to Ark. R. Crim. P. 6.1; and (5) that the State failed to comply with Ark. R. Crim. P. 7.2 and 7.3.  However,  appellant failed to raise any of these allegations other than the failure to comply with Ark. R. Civ. P. 4 in his motion to dismiss before the circuit court. Furthermore, appellant failed to cite any convincing argument or legal authority, other than merely quoting the rules themselves at times in his brief.  This court has held on numerous occasions that it will not consider the merits of an argument, even a constitutional one, if the appellant fails to cite any convincing legal authority in support of the argument, and it is otherwise not apparent without further research that the argument is well taken.  *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001); *Omni Holding & Dev. Corp. v. S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004).

he was accused of criminal contempt for failing to appear in compliance with the subpoena, and the circuit court did not err in failing to grant appellant's motion to dismiss. Therefore, we affirm on this point on appeal.

Appellant contends in his second point on appeal that the circuit court erred in ruling that the subpoena issued by the legislative audit committee was valid. Specifically, appellant alleges that the subpoena was invalid because it was not accompanied by a witness fee calculated at the rate of thirty dollars per day for attendance and twenty-five cents per mile for travel from the witness's residence to the place of the hearing in compliance with Ark. Code Ann. § 10-4-421(c) and Ark. R. Civ. P. 45(d). Therefore, appellant alleges that he could not be held in criminal contempt for not complying with an invalid subpoena.

This court reviews issues of statutory interpretation de novo and is not bound by the circuit court's determination. *Nolan v. Little*, 359 Ark. 161, 196 S.W.3d 1 (2004). This court's rules regarding statutory construction are clear and well established. The basic rule of statutory construction is to give effect to the intent of the legislature. *Calaway v. Practice Mgmt. Servs., Inc.*, 2010 Ark. 432. Where the language of a statute is plain and unambiguous, this court determines legislative intent from the ordinary meaning of the language used. *Id*. In considering the meaning of a statute, this court construes it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. This court construes the statute so that no word is left void, superfluous or insignificant, and this court gives meaning and effect to every word in the statute, if possible. *Id*. If the language of a statute is clear and unambiguous and conveys a clear and definite meaning, it is unnecessary to resort

7

to the rules of statutory interpretation. *Williams v. Little Rock Sch. Dist.*, 347 Ark. 637, 66 S.W.3d 590 (2002).

A statute is considered ambiguous if it is open to more than one construction. *Pulaski Cnty. v. Ark. Democrat-Gazette, Inc.*, 370 Ark. 435, 260 S.W.3d 718 (2007). When a statute is ambiguous, this court must interpret it according to legislative intent and our review becomes an examination of the whole act. *Helena-W. Helena Sch. Dist. v. Fluker*, 371 Ark. 574, 580, 268 S.W.3d 879, 884 (2007). In reviewing the act in its entirety, this court will reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Williams*, *supra*. In addition, this court must look at the legislative history, the language, and the subject matter involved. *Id.* However, when a statute is clear, it is given its plain meaning and this court will not search for legislative intent. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). This court is very hesitant to interpret a legislative act in a manner that is contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *Id.*

Arkansas Code Annotated § 10-4-421 empowers the Legislative Auditor with subpoena powers. Subsection (c) provides that "[a]ny person summoned to appear before the Legislative Auditor . . . as required in this section shall receive the same compensation as is received by persons serving as witnesses in circuit courts of this state." Furthermore, subsection (d) provides that "[i]f any person subpoenaed to appear by the Legislative Auditor fails to appear . . . the fact shall be certified to the circuit court of the county in which the

hearing is held, and the circuit court shall punish the person for contempt in the same manner as punishment for contempt is imposed for failure to respond to a subpoena or directive of the circuit court."

Appellant alleges that the legislature in subsection (c) is making a reference to Ark. R. Civ. P. 45(d), which provides that a "subpoena must be accompanied by a tender of a witness fee calculated at the rate of $30.00 per day for attendance and $0.25 per mile for travel from the witness'[s] residence to the place of the trial or hearing[,]" and argues that both the amount and procedural manner provided under Ark. R. Civ. P. 45(d) should apply to subpoenas issued by the Legislative Auditor. However, the plain language of Ark. Code Ann. § 10-4-421(c) only references the fact that a person "shall receive the same compensation" and does not reference the time or manner in which the same amount of compensation should be tendered. Furthermore, the subsection does not reference any other applicable procedural rules. Therefore, appellant's interpretation would have this court read a requirement into the statute that the legislature has not intended. *See Cave City Nursing Home, Inc.*, *supra*. As such, the circuit court did not err in finding the subpoena valid, and we affirm on this point on appeal.

Appellant contends in his last point on appeal that the circuit court erred in finding him in criminal contempt and appears to be challenging the sufficiency of the evidence.[2]

---

[2]Appellant again mentions several other alleged deficiencies that he alleges require his case to be reversed and dismissed, including (1) a witness fee and mileage check was not attached to the subpoena; (2) a criminal summons should have been issued to him; (3) his due process was violated when his case became one of criminal contempt in an ex-parte hearing

SLIP OPINION

However, the State contends that appellant failed to preserve a sufficiency-of-the-evidence claim because appellant failed to move for dismissal at the close of evidence in compliance with Arkansas Rule of Criminal Procedure 33.1(b) as stated in *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001). We agree with the State. In *Etoch*, this court held that Ark. R. Crim. P. 33.1 applied in criminal-contempt proceedings and that because Mr. Etoch failed to make a timely motion for directed verdict, Mr. Etoch waived his challenge to the sufficiency of the evidence. *Id*.

Affirmed.

*James F. Valley*, *E. Dion Wilson*, and *Don R. Etherly*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

---

without any notice provided to him and, therefore, failed to apprise him of the issues, burden of proof, and potential penalty; (4) the subpoena only quoted Ark. Code Ann. § 10-4-421 and failed to contain any specific language in the subpoena to apprise him that his failure to attend could result in a Class C Misdemeanor charge; and (5) there was no procedure in place to reschedule "the general assembly meeting" or "process in place for quashing a subpoena." Statements (1) and (2) have already been addressed in points one and two on appeal. As this court indicated in footnote one, appellant failed to raise any of the other allegations to the circuit court. Furthermore, appellant failed to cite any convincing argument or legal authority, other than to merely quote the rules themselves at times in his brief. This court has held on numerous occasions that it will not consider the merits of an argument, even a constitutional one, if the appellant fails to cite any convincing legal authority in support of the argument, and it is otherwise not apparent without further research that the argument is well taken. *Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001); *Omni Holding & Dev. Corp. v. S.A., Inc.*, 356 Ark. 440, 156 S.W.3d 228 (2004).