SLIP OPINION

Cite as 2015 Ark. 396

# SUPREME COURT OF ARKANSAS

No. CV–15–804

| | |
|---|---|
| COLUMBIA INSURANCE GROUP, INC., AND COLUMBIA MUTUAL INSURANCE COMPANY, INC. <br> PETITIONERS <br><br> V. <br><br><br><br> CENARK PROJECT MANAGEMENT SERVICES, INC., ET AL. <br> RESPONDENTS | Opinion Delivered October 29, 2015 <br><br> REQUEST TO CERTIFY QUESTIONS OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION <br><br> CERTIFIED QUESTIONS ACCEPTED. |

**PER CURIAM**

In accordance with section 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, the Honorable Susan Webber Wright of the United States District Court for the Eastern District of Arkansas, Western Division, has filed a motion and certification order with our clerk on September 28, 2015. The certifying court requests that we answer questions of Arkansas law that may be determinative of a cause now pending in the certifying court, because it appears to the certifying court that there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

Having reviewed the certifying court's explanation of the need for this court to answer the question of law pending in that court, we accept certification of the following questions:

1.  Whether faulty workmanship resulting in property damage to the work or work

product of a third party (as opposed to the work or work product of the insured) constitutes an "occurrence"; and

2.  If such faulty workmanship constitutes an "occurrence," and an action is brought in contract for property damage to the work or work product of a third person, does any exclusion in the policy bar coverage for this property damage?

This per curiam order constitutes notice of our acceptance of the certification of these questions of law.   For purposes of the pending proceeding in this court, the following requirements are imposed:

A. Time limits will be calculated from the date of this per curiam order accepting certification.  The plaintiffs in the underlying action, Columbia Insurance Group, Inc., and Columbia Mutual Insurance Company, Inc., are designated as the moving party and  will be designated as the "Petitioners," and their brief is due thirty days from the date of this per curiam.  The defendants, Cenark Project Management, et al., shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioners' brief.  Petitioners may file a reply brief within fifteen days after Respondents' brief has been filed.

B. The briefs shall comply with this court's rules as in other cases except for the briefs' content.  Only the following items required in Arkansas Supreme Court Rule 4–2(a) shall be included:

(3) Point on appeal which shall correspond to the certified questions of law to be answered in the federal district court's certification order.

(4) Table of authorities.

(6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum.

(9) Cover for briefs.

C. Oral argument will be permitted only if this court concludes that it will be helpful

for presentation of the issues.

D. Arkansas Supreme Court Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.

Pursuant to Arkansas Supreme Court Rule 6-8(d), we request that the parties include in the addendum the following pleadings: the complaint; the answer, if any; the motions for summary judgment; and any responses, replies, and briefs in response thereof. The parties should also include any pleadings that will be useful to our understanding of the legal issues presented.

Certified questions accepted.

HART and WOOD, JJ., would decline to accept certified questions.