SLIP OPINION

Cite as 2016 Ark. 281

# SUPREME COURT OF ARKANSAS

No. CV-15-944

| | |
|---|---|
| INTEGRATED DIRECT MARKETING, LLC<br><br>PETITIONER<br><br>V.<br><br>DREW MAY AND MERKLE, INC.<br>RESPONDENTS | Opinion Delivered: June 23, 2016<br><br>CERTIFIED QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION<br><br>CERTIFIED QUESTION ANSWERED. |

**ROBIN F. WYNNE, Associate Justice**

On December 3, 2015, pursuant to Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, this court accepted certification of the following question of law:

> Under Arkansas's tort of conversion, can intangible property such as electronic data, standing alone and not deemed a trade secret, be converted?

*Integrated Direct Mktg., LLC v. May*, 2015 Ark. 454 (per curiam). As explained below, we answer this question in the affirmative.

According to its pleadings, petitioner Integrated Direct Marketing, LLC (IDM), provides custom data solutions for corporations with large data, business intelligence, analytics, customer-relationship management, sales, and multi-channel-marketing programs. IDM advises its clients on all aspects of data intelligence, and its business involves selling direct-marketing lists, plans, research, and marketing strategies, combining multiple sources of external data and enhancing internal data using proprietary and confidential techniques.

SLIP OPINION

Respondent Drew May, a resident of Conway, Arkansas, worked for IDM at its Little Rock office as an executive vice president for Data Integration from January 3, 2012, until his termination on March 11, 2014. While employed by IDM, May executed a confidentiality agreement. IDM alleges that May copied more than 300 files containing its confidential and proprietary information to his personal external hard drive. In early May 2014, May began working for respondent Merkle, Inc., a competitor of IDM, as a vice president and client partner in the High Tech/B2B Vertical Markets Group.

IDM filed its first amended complaint against May and Merkle, Inc., in the United States District Court for the Eastern District of Virginia, alleging breach of contract, breach of fiduciary duty, conversion, violation of the Arkansas Trade Secrets Act (ATSA) and the Virginia Uniform Trade Secrets Act, violation of the ATSA and the North Carolina Trade Secrets Protection Act, intentional interference with business expectancies, and unjust enrichment.[1] Among other relief, IDM sought injunctive relief, compensatory and punitive damages, and attorney's fees. Both May and Merkle, Inc., filed motions for summary judgment, which the federal district court granted on all claims except conversion. Regarding the conversion claim, which is against May only, the court rejected May's arguments that the claim was preempted by the ATSA and that there was insufficient evidence of damages. The court found that IDM had not produced sufficient evidence from which a reasonable jury could calculate the market value of any of its confidential or

---

[1] The breach-of-contract, breach-of-fiduciary-duty, conversion, and violation of the ATSA and Virginia Uniform Trade Secrets Act claims were solely against May. The claims for intentional interference with business expectancies and unjust enrichment were against both May and Merkle. The claim for violation of the ATSA and North Carolina Trade Secrets Protection Act were against Merkle only.

proprietary information with reasonable certainty, but because actual damages are not an essential element of conversion under Arkansas law, denied the motion for summary judgment on this claim. The court held that IDM would be entitled only to nominal damages and injunctive relief if a jury found in its favor on the conversion claim. However, the court also noted its reservations that taking electronic data could support a claim for conversion under Arkansas law. As noted above, the federal district court ultimately certified the question whether, under Arkansas's tort of conversion, intangible property such as electronic data, standing alone and not deemed a trade secret, can be converted.

With regard to that question,[2] this court has defined the tort of conversion as "the exercise of dominion over property in violation of the rights of the owner or person entitled to possession." *Car Transp. v. Garden Spot Distributors*, 305 Ark. 82, 85–86, 805 S.W.2d 632, 634 (1991); *see also Ford Motor Credit Co. v. Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979); *Thomas v. Westbrook*, 206 Ark. 841, 177 S.W.2d 931 (1944). Stated another way, conversion is a common-law tort action for the wrongful possession or disposition of another's property; to establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of, or is inconsistent with, the owner's rights. *Hatchell v. Wren*, 363 Ark. 107, 116–17, 211 S.W.3d 516, 521 (2005). Conscious wrongdoing is not the

---

[2] The certified question expressly excludes trade secrets, and we reject May's argument that claims concerning electronic data are preempted by the ATSA even if the data does not constitute a trade secret under the ATSA. We likewise are unpersuaded by his argument that expansion of conversion to encompass the copying of electronic data, standing alone, is preempted by the federal Copyright Act, 17 U.S.C. §§ 101 et seq. On this record, it does not appear that any copyrighted material is at issue.

SLIP OPINION

requisite intent for conversion; what is required is the intent to exercise control or dominion over goods. *Car Transp. v. Garden Spot Distrib.*, 305 Ark. 82, 88, 805 S.W.2d 632, 635 (1991). Unlike some jurisdictions, Arkansas does not require that the owner or person entitled to possession be completely deprived of their property in order for a conversion to occur. Rather, conversion occurs if the defendant exercises dominion over property in violation of, or in a way that is in denial of or inconsistent with, the rights of the owner or person entitled to possession.

IDM points out that the earliest rigid limitations on the tort of conversion have been almost uniformly rejected. *See* Restatement (Second) of Torts § 242 (1965). IDM further contends that this court has previously ruled in *Godwin v. Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991), that electronic data can be converted. In that case, we merely held that the complaint, which alleged that the defendants had taken tangible goods (furniture, paper files) and copied diskettes, had stated a claim for conversion sufficient to survive a motion to dismiss. On the other hand, May argues that we should be guided by *Infinity Headwear & Apparel, LLC v. Coughlin*, 2014 Ark. App. 609, 447 S.W.3d 138, in which our court of appeals stated, "To the extent [the appellant] asks us to create a new cause of action for the conversion of electronic data, we decline to do so." *Id.*, at 8, 447 S.W.3d at 142-43. Neither *Godwin* nor *Infinity Headwear* provides assistance in answering the present question.

Because we have no controlling precedent on this issue, we look to other jurisdictions for guidance. IDM contends that this court should follow states such as New York and California and hold that electronically stored data is property that can be converted. In *Thyroff v. Nationwide Mut. Ins. Co.*, 864 N.E.2d 1272, 1278 (N.Y. 2007), the

court held that the type of data that Nationwide allegedly took possession of—electronic records that were stored on a computer and were indistinguishable from printed documents—is subject to a claim of conversion in New York. Similarly, in *Kremen v. Cohen*, 337 F.3d 1024 (9th Cir. 2003), the United States Court of Appeals for the Ninth Circuit held that an Internet domain name is a form of intangible property that could serve as basis for a conversion claim under California law. The *Kremen* court noted, "It would be a curious jurisprudence that turned on the existence of a *paper* document rather than an electronic one. Torching a company's file room would then be conversion while hacking into its mainframe and deleting its data would not." *Id*. at 1034.[3]

We recognize that many jurisdictions have declined to extend the tort of conversion to encompass intangible property that is not merged into a tangible document. *See, e.g.*, *Wells v. Chattanooga Bakery, Inc.*, 448 S.W.3d 381, 392 (Tenn. Ct. App. 2014) ("Conversion is the wrongful appropriation of another's tangible property; an action for the conversion of intangible personal property is not recognized in Tennessee."); *Internal Med. All., LLC v. Budell*, 659 S.E.2d 668, 675 (Ga. Ct. App. 2008) ("Conversion is not available as a cause of action with regard to intangible property interests that have not been merged into a document."). However, we do not find these decisions persuasive.

At issue in this case are IDM's electronically stored documents. There is simply no reasonable basis for allowing a claim for conversion of paper documents but not for their

---

[3] In both *Thyroff* and *Kremen*, the plaintiffs claimed that they were completely deprived of their property. While Arkansas law does not require complete deprivation for conversion, it does require that the defendant take an action that is in denial of or inconsistent with the rights of the owner.

electronically stored counterparts. Thus, we conclude that, under Arkansas law, intangible property, such as electronic data, standing alone and not deemed a trade secret, can be converted if the actions of the defendant are in denial of or inconsistent with the rights of the owner or person entitled to possession.

Certified question answered.

*Reece Moore Pendergraft LLP*, by: *Timothy C. Hutchinson*; *Steel, Wright & Collier, PLLC*, by: *Jeremy Y. Hutchinson*, and *Pedroli Law, LLC*, by: *Mark Pedroli*, pro hac vice, for petitioner.

*Friday, Eldredge & Clark, LLP*, by: *Robert S. Shafer*; and *Protorae Law PLLC*, by: *James B. Kinsel*, *Rebecca Bricken Segal*, *Michael E. Stamp*, and *Jennifer Lucey*, pro hac vice, for respondent Drew May.