Cite as 2021 Ark. 63

# SUPREME COURT OF ARKANSAS

No. CV-19-663

| | |
|---|---|
| | Opinion Delivered: March 18, 2021 |
| WILLIE GASTER DAVIS, JR.<br>APPELLANT | |
| | APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. 35CV-19-201] |
| V. | |
| WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION; JAMES DEPRIEST,<br>LEGAL COUNSEL, ARKANSAS<br>DEPARTMENT OF CORRECTION;<br>LESLIE RUTLEDGE, ARKANSAS<br>ATTORNEY GENERAL; JOYCE<br>GOOLEY, MAILROOM SUPERVISOR<br>OF MAXIMUM SECURITY; AND<br>BRANDACE BINNS, CORPORAL<br>SECURITY OF MAXIMUM SECURITY<br>APPELLEES | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Willie Davis sought a writ of mandamus compelling four prison officials and the Arkansas Attorney General to turn over his entire crime lab file, including crime scene photographs depicting his murdered victim's nude body. His petition for the writ included a complaint for the tort of conversion and sought monetary damages. The circuit court dismissed the case with prejudice under Arkansas Rule of Civil Procedure 12(b)(6). It

determined that Davis already obtained the file and that he failed to state a claim. Davis appeals that decision. We affirm.

## I.

Davis is serving a life sentence in the Arkansas Department of Correction ("ADC") for several convictions, including first degree murder. *See Davis v. State*, 330 Ark. 76, 953 S.W.2d 559 (1997). In 2010, he submitted a request under the Arkansas Freedom of Information Act ("FOIA") to the Arkansas State Crime Laboratory regarding testing of hairs found on the body of his victim. *See Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694 (per curiam) (*Deen I*). Incarcerated felons, like Davis, are prohibited from accessing records under FOIA. *See* Ark. Code Ann. § 25-19-105(a)(1)(B) (Supp. 2019). A separate statute, however, allows defendants to access records kept by the state crime lab pertaining to their criminal case. *See* Ark. Code Ann. § 12-12-312(a)(1)(A) (Supp. 2019).[1] Citing that statute, we instructed the Desha County Circuit Court to enter an order "directing the crime lab to release the *requested information* to Davis." *Deen I*, 2014 Ark. 313, at 3, 437 S.W.3d at 695 (citing Ark. Code Ann. § 12-12-312(a)(1) (Repl. 2003)) (emphasis added).

The circuit court complied with our direction on remand and ordered the crime lab to release the information Davis "previously requested" in his FOIA request. Despite the

---

[1]On February 24, 2021, section 12-12-312 was amended by Act 151 of the 93rd Arkansas General Assembly and immediately went into effect under the terms of its emergency clause.

limited scope of the court's order, the crime lab mailed the entire file to Davis. Once the file arrived at the prison, it was confiscated based on prison officials' determination that it contained contraband in violation of ADC policy. According to Davis, he was not notified of the interception and confiscation as required by the prison's mail policy.

Since then, Davis has initiated several actions seeking to obtain the file. In 2015, Davis brought an action against ADC in the Arkansas Claims Commission. According to documents attached to Davis's pleadings, ADC successfully moved to dismiss the action because, among other reasons, Davis received the information responsive to his 2010 FOIA request in July 2016.[2]

This appeal follows from Davis's 2019 petition for writ of mandamus and complaint for conversion. He sought a writ compelling ADC Chief Legal Counsel James DePriest, former ADC Director Wendy Kelley, Arkansas Attorney General Leslie Rutledge and two other ADC officials (collectively, "Appellees") to release his crime lab file. Davis also sought monetary damages against Appellees for conversion. Davis's allegations against Appellees centered on purported violations of ADC policy. He claimed that Appellees' contraband determination and their failure to notify him of the confiscation decision violated prison regulations.

---

[2]Relying on this information, Davis unsuccessfully petitioned this court to reinvest jurisdiction in the trial court so that he could pursue a writ of error coram nobis. *See Davis v. State*, 2017 Ark. 9, at 4–5, 507 S.W.3d 497, 500–501 ("Davis alleges that he discovered [withheld hair analysis] evidence when this court directed the Arkansas State Crime Laboratory to release certain information that Davis had requested" in *Deen I*.).

Appellees moved for dismissal under Arkansas Rule of Civil Procedure 12(b)(6). Citing the Claims Commission's decision, Appellees first argued that Davis's claim was moot because he already received the information sought in his FOIA request. They next asserted sovereign immunity. Appellees also alleged that Davis failed to state a claim for conversion and that his claims were barred by the issue-preclusive effect of collateral estoppel. Finally, Appellees claimed the decision to confiscate the crime lab file was not a ministerial act and thus a writ of mandamus was unavailable. In addition to dismissal, Appellees requested that the circuit court impose a "strike" under Arkansas Code Annotated section 16-68-607.

The circuit court dismissed the case with prejudice and issued a strike. It concluded that Davis already obtained the file from the crime lab. Moreover, "for the reasons stated in [Appellees'] motion to dismiss," the court held that Davis failed to state a claim. Davis responded to the motion to dismiss a week after the circuit court's order. He later alleged that he did not receive a copy of the court's order until after the time to appeal had expired. We granted his request to file this belated appeal.

II.

Davis raises several challenges to the circuit court's dismissal of his petition for writ of mandamus and complaint for conversion. He first raises two procedural arguments challenging the circuit court's personal jurisdiction over the Attorney General and the early timing of the order dismissing his case. Davis next claims that Appellees violated due process by failing to comport with ADC policies and challenges each basis alleged in Appellees' motion to dismiss. We address these arguments together as they go to the core issue of

4

whether the petition for writ of mandamus and complaint for conversion was properly dismissed. Finally, Davis contends that this appeal should not be designated as a strike.

When reviewing an order granting a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *See Dockery v. Morgan*, 2011 Ark. 94, at 5–6, 380 S.W.3d 377, 382. All reasonable inferences must be resolved in favor of the complaint and the pleadings are liberally construed. *Id.* Under our fact pleading rules, a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*; *see also* Ark. R. Civ. P. 8(a)(1). We treat only the facts alleged in the complaint as true, but not a plaintiff's theories, speculation, or statutory interpretation. *Id.* We will not reverse absent an abuse of discretion. *Id.*

## A.

As a preliminary matter, we address Davis's procedural objections to the circuit court's order. According to Davis, because the court dismissed the case prior to the expiration of the 120-day service deadline, he was unable to properly serve the Attorney General. He contends that the circuit court lacked personal jurisdiction over the Attorney General based on insufficient service of process. This argument was not raised below and is thus unpreserved on appeal. In any event, we have long held that "when the defendant voluntarily appears in any case and, without objection, proceeds, the court thereby acquires jurisdiction over his person whether any summons was issued or served or not." *Fed. Land Bank of St. Louis v. Gladish*, 176 Ark. 267, 2 S.W.2d 696, 697–98 (1928). The Attorney

General voluntarily appeared in the case and did not raise a defense of insufficient service below or on appeal.

Davis next argues that the early dismissal prevented him from engaging in discovery. We will not consider this argument because he offers no citation to authority or convincing argument to support reversal on this basis. *See Valley v. Pulaski County Cir. Ct., Third Div.*, 2014 Ark. 112, at 6 n.1, 431 S.W.3d 916, 920. Even if Davis had been allowed to conduct discovery, it could not have cured the deficiencies in his petition for writ of mandamus and complaint for conversion under Rule 12(b)(6).

## B.

We now come to the central issue in this case: whether the circuit court correctly dismissed Davis's petition for writ of mandamus and complaint for conversion on the ground that he had already obtained the crime lab file and that he failed to state a claim to relief.

Davis sought a writ of mandamus compelling Appellees to provide the entire crime lab file, including the photographs of his nude victim. Mandamus is an extraordinary remedy issued only to enforce an established right or to enforce the performance of a duty. *See Manila School Dist. No. 15 v. Wagner*, 357 Ark. 20, 26, 159 S.W.3d 285, 290 (2004). It is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment. *See Axley v. Hardin*, 353 Ark. 529, 535–36, 110 S.W.3d 766, 769–70 (2003). The writ is

appropriate if two factors are established: (1) the duty to be compelled is ministerial and not discretionary; and (2) the petitioner has shown a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.* A mandamus action enforces the performance of a legal right after it has been established; its purpose is not to establish a right. *See T.J. ex rel. Johnson v. Hargrove*, 362 Ark. 649, 656, 210 S.W.3d 79, 83 (2005).

Any right to the crime lab file must flow through either section 12-12-312 or *Deen I*. Consider first the statute. Section 12-12-312 provides that the "[state crime] laboratory shall grant access to records pertaining to a defendant's criminal case" to the defendant, the defendant's attorney of record, or the prosecuting attorney. Ark. Code Ann. § 12-12-312(a)(1)(A)(ii). Thus, the statutory duty to provide access to the records is imposed solely on the crime lab. Yet, in this case, Davis seeks to compel four prison officials and the Attorney General to carry out this duty. He did not name a single crime lab official in his petition for writ of mandamus or complaint for conversion. Davis thus failed to establish a clear and certain right to access the entire crime lab file under section 12-12-312.

His alleged right to the file under *Deen I* likewise fails. In *Deen I*, we concluded that section 12-12-312 required the crime lab to provide Davis with the information in his 2010 FOIA request. *See Deen I*, 2014 Ark. 313, at 3, 437 S.W.3d at 695.[3] Under our mandate rule, the circuit court here could not expand or deviate from the mandate issued in *Deen I*. *See, e.g., Dye v. Diamante*, 2017 Ark. 37, at 4, 509 S.W.3d 643, 645–46 (explaining mandate rule).

---

[3]As noted above, it appears that Davis has already obtained all of the information requested in *Deen I*. *See Davis*, 2017 Ark. 9, at 4–5, 507 S.W.3d at 500–501.

Moreover, Davis concedes that the crime lab complied with our order in *Deen I*. He also concedes that Appellees are willing to provide him with the information sent by the crime lab with one exception: photographs of the victim that are within the file. Yet, the photographs were not included in the 2010 request that gave rise to *Deen I*. In short, Davis failed to show a clear and certain right to access the entire crime lab file and failed to show any ministerial duty imposed upon Appellees. He is accordingly not entitled to a writ of mandamus.

Turning to the complaint for conversion, the circuit court did not abuse its discretion in holding that Davis failed to state a claim to relief. Conversion is a common law tort action for the wrongful possession or disposition of another's property. *See Integrated Direct Mktg., LLC v. May*, 2016 Ark. 281, at 3–4, 495 S.W.3d 73, 75. It has been defined as "the exercise of dominion over property in violation of the rights of the owner or person entitled to possession." *Id.* To establish liability for conversion, a plaintiff must show that the defendant wrongfully committed a distinct act of dominion over property in a manner that denies or is inconsistent with the owner's rights. *Id.* Davis failed to allege any facts that would establish a right to "possess" the crime lab records. Section 12-12-312 provides a right of "access," not a right of "possession." Moreover, for the reasons explained above, Davis cannot rely on that provision or *Deen I* to show any right to the entire crime lab file. He has failed to allege any other facts that, if proven, would entitle him to relief for a claim of conversion against Appellees.

8

Because we affirm the circuit court's decision for these reasons, we need not consider the parties' remaining arguments regarding sovereign immunity and collateral estoppel. Davis's due process allegations likewise do not warrant consideration. Davis did not allege a due process claim in his complaint. Moreover, his due process allegations are based solely on Appellees' alleged violation of prison mail policies and have no bearing on his petition for writ of mandamus and complaint for conversion. In any event, prison policies and regulations do not create a liberty interest to which due process can attach. *See Perry v. State*, 2020 Ark. 32, at 2–3; *see also Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). The circuit court's dismissal of Davis's petition for writ of mandamus and complaint for conversion is affirmed.

C.

As a final point, we consider the imposition of a strike. A strike is warranted when an incarcerated plaintiff brings a civil action that is determined by a court to be frivolous, malicious, or fails to state a claim on which relief may be granted. *See* Ark. Code Ann. § 16-68-607(b) (Supp. 2017). The circuit court designated the dismissal as a strike. We will not disturb that decision because Davis does not challenge it on appeal. Rather than appeal the circuit court's strike, Davis contends that we should not designate this appeal as a strike. At the same time, Appellees request that we impose a strike for this appeal and allege that a strike is warranted under each of the three bases.

We agree that this appeal should be designated as a strike for bringing a malicious action. This decision is based on Davis's fraudulent alteration of court documents.

9

Throughout this case, Davis claimed he was not given "any information close to what was actually requested" in his 2010 FOIA request. He claimed he requested: (1) the medical case file; (2) lab tests on hair samples (E-2); (3) mitochondrial DNA testing; (4) blood type of the hair samples (E-2); and (5) any type of testing used to obtain the results. This appears consistent with the copy of the 2010 FOIA request that Davis attached to his pleadings and filings below, which states:

> I'm requesting documentation of your Medical Case No. 299-95. Regarding the lab test on evidence submitted to, labeled as E-2 (hairs found on the body of the victim), the lab results did not have any analysis on the hair samples at all. I'm asking that I be provided the blood type of the unidentified hairs (E-2) and any type of testing that was performed to get the results but not limited to information on mitochondrial testing that you have or may know of or any references thereof.

However, this alleged copy of the 2010 FOIA request is notably different than the copy of the same request found within the *Deen I* record. The first sentence of that request provides, "I'm requesting documentation of your Medical Case No. 299-95 regarding the lab test on evidence submitted to, labeled as E-2 (hairs found on the body of the victim)." *See* Record at 15, *Davis v. Deen*, 2014 Ark. 313 (No. CV-12-914). It is evident that Davis altered the original 2010 FOIA request by adding a period after "Medical Case No. 299-95" in order to make it appear as though it was a distinct request for the entire file. Davis then changed the period after "(hairs found on the body of the victim)" to a comma.

Though Appellees failed to recognize this fabrication, we refuse to overlook it. Tampering with court documents in an attempt to deceive this court and the circuit court is unacceptable and will not be tolerated. Falsifying evidence to prevail in court is an egregious

abuse of the judicial process and undermines the most basic principles of the justice system. We impose the strike in order to both punish Davis's dishonesty and deter others who might consider similar misconduct.

Affirmed.

KEMP, C.J., and BAKER, HUDSON, and WYNNE, JJ., concur.

**COURTNEY RAE HUDSON, Justice, concurring.** I agree with the majority that the circuit court correctly affirmed the lower court's dismissal of appellee Willie Gaster Davis, Jr.'s appeal. I write separately to highlight the problem that Davis faces in pursuing mandamus relief or a conversion action.

Davis sought a writ of mandamus to compel Arkansas Division of Correction (ADC) officials to provide him the entire contents of his Arkansas State Crime Laboratory file. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72. A writ of mandamus is issued by this court to compel an official or a judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Jones v. Ross*, 2019 Ark. 283. Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

In this instance, Davis's only established right to access his crime-lab file is grounded in Arkansas Code Annotated section 12-12-312 (Supp. 2019) and our 2014 opinion stating that he had a right to the specific crime-lab documents that he requested pursuant to that

statute. Section 12-12-312 imposes a duty only on the crime lab to provide to a defendant or his or her attorney access to the defendant's own crime-lab records. Similarly, our 2014 opinion was directed to the crime lab. *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694. According to Davis's petition, the crime lab has fully complied with Davis's request and sent the records to the ADC. Notably, Davis concedes that ADC officials have agreed to provide the entire file except for certain photos that were not at issue in our 2014 opinion. Thus, Davis lacks any enforceable right as to the crime lab or the ADC officials, and he is not entitled to mandamus relief.

Likewise, Davis has not stated a claim for conversion despite the ADC's confiscation of the crime-lab file. This court has defined the tort of conversion as "the exercise of dominion over property in violation of the rights of the owner or person entitled to possession." *Integrated Direct Mktg., LLC v. May*, 2016 Ark. 281, at 4, 495 S.W.3d 73, 75 (internal citations omitted). Stated another way, conversion is a common-law tort action for the wrongful possession or disposition of another's property; to establish liability for the tort of conversion, a plaintiff must prove that the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of, or is inconsistent with, the owner's rights. *Id.*

Davis has alleged no facts that, if proven, would establish any right to possess the records that the crime lab sent to him. Although section 12-12-312 gives Davis the right to "access" his crime-lab file, it does not grant him the right to possess copies of every record contained therein. To the extent that Davis may be attempting to claim a right to possess

12

records pursuant to the Arkansas Freedom of Information Act, he is mistaken. Davis is an inmate and FOIA provides that access to inspect and copy public records "shall be denied" to inmates. Ark. Code Ann. § 25-19-105(a)(1)(B) (Supp. 2019). Furthermore, the ADC may undoubtedly have valid security concerns regarding inmates possessing all material that could be included in a crime-lab file.

The question then becomes how an inmate may be able to vindicate the rights contemplated by section 12-12-312. In my view, the proper vehicle in some instances may be a declaratory-judgment action filed pursuant to Arkansas Code Annotated sections 16-111-101 et seq. (Repl. 2016). *See McCutchen v. City of Fort Smith*, 2012 Ark. 452, 425 S.W.3d 671 (stating that the purpose of declaratory-judgment actions is to determine the rights and liabilities of respective parties). In such a case, the circuit court could consider arguments from all interested parties and render a decision establishing the contours of access for an inmate in ADC custody.

I concur.

KEMP, C.J., and WYNNE, J., join.

*Willie Gaster Davis, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Maryna O. Jackson*, Ass't Att'y Gen., for appellee.