Cite as 2018 Ark. 1

# SUPREME COURT OF ARKANSAS.

### No. CR-17-481

RODERICK R. WILLIAMS

PETITIONER

V.

HONORABLE STEVEN PORCH,
CIRCUIT JUDGE

RESPONDENT

Opinion Delivered January 4, 2018

PRO SE PETITION FOR WRIT OF
MANDAMUS
[DESHA COUNTY CIRCUIT COURT,
ARKANSAS CITY DISTRICT,
NO. 21ACR-07-50]

PETITION GRANTED IN PART AND
DENIED WITHOUT PREJUDICE IN
PART.

**KAREN R. BAKER, Associate Justice**

Petitioner Roderick R. Williams filed a pro se petition for writ of mandamus

seeking to compel the Honorable Steven Porch, circuit judge, to rule on a pro se petition

for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal

Procedure (2011); a motion for a copy of the trial transcript; a motion for appointment of

counsel; and a petition to proceed in forma pauperis, which were filed in the Desha

County Circuit Court on December 29, 2011. Williams also requests that this court

compel Judge Porch to declare Williams's sentences and convictions void, grant an

evidentiary hearing, appoint counsel, and order a new trial. Judge Porch responded that he

had been appointed in January of this year and he "can hardly be said to have clearly failed

to perform his duty only some six months later given his inheritance of the caseload of the

circuit division to which he was appointed." Because Williams's petition and related

motions have been pending for an unreasonable length of time, we grant Williams's request for rulings on the petition and motions but deny Williams's request that Judge Porch vacate the convictions and sentences, conduct an evidentiary hearing, and order a new trial.

Williams was convicted by a jury of capital murder, first-degree domestic battering, endangering the welfare of a minor, and possession of a firearm by a felon, and he was sentenced to a term of life imprisonment without parole plus a term of seventy-two years. We affirmed. *Williams v. State*, 2011 Ark. 432, at 1, 385 S.W.3d 157, 159. The mandate was issued by this court on November 1, 2011, and Williams filed his petition for Rule 37.1 relief within the sixty-day time limit. *See* Ark. R. Crim. P. 37.2(c)(ii) (2011).

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *State v. Vittitow*, 358 Ark. 98, 103, 186 S.W.3d 237, 240 (2004). A writ of mandamus is issued by this court to compel an official or judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Parker v. Crow*, 2010 Ark. 371, at 6, 368 S.W.3d 902, 907. Therefore, mandamus will compel a judge to act when he or she should act, but it will not be used to tell a judge how to decide a judicial question. *Branch v. Winfield*, 80 Ark. 61, 95 S.W. 1007 (1906).

The resolution of the issues raised in Williams's Rule 37.1 petition, together with his request for appointment of counsel and his asserted right to an evidentiary hearing, are

matters that are entirely within the discretion of the trial court and outside the purview of mandamus proceedings. It is undisputed that the trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Sanders v. State*, 352 Ark. 16, 25, 98 S.W.3d 35, 41 (2003). We have also made clear that the appointment of counsel in postconviction proceedings is discretionary and not mandated. *Mancia v. State*, 2015 Ark. 115, at 27, 459 S.W.3d 259, 276.

However, a court does have a ministerial duty to timely act on pleadings filed, regardless of the merit of those pleadings. *See Thompson v. Erwin*, 310 Ark. 533, 534–35, 838 S.W.2d 353, 354 (1992) (explaining that the imperative of Canon 3(A)(5) of the Code of Judicial Conduct to promptly dispose of cases provides recourse in mandamus proceedings). In his response to Williams's mandamus petition, Judge Porch relies on our holding in *Eason v. Erwin*, 300 Ark. 384, 387, 781 S.W.2d 1, 2 (1989) (per curiam), for the proposition that Williams has made no clear showing that Judge Porch failed to perform his duty. As stated above, Judge Porch contends in his response that he inherited a caseload from the previous circuit division and has not had sufficient time to dispose of Williams's petition and motions.

In *Eason*, the trial judge explained to this court that cases were set for hearings based on their ages, assured this court that the petitioners' case would be set for trial as soon as it could be, and provided this court with dates on which the pending matter would be heard and concluded. *Eason*, 300 Ark. at 386, 781 S.W.2d at 2. Here, Judge Porch has not

3

provided any such assurances, has failed to indicate when a ruling would be forthcoming, and did not clarify the status of Williams's petition within the context of his current caseload.

We have held that a judge controls his or her docket and the disposition of motions filed. *Thompson*, 310 Ark. at 534–35, 838 S.W.2d at 354. We have also made clear that any other practice would destroy the independence of the bench, which is one of the trademarks of the American judicial system. *Id.* On the other hand, we have explained that the court's control over its docket does not mean a motion or case should be delayed beyond a time reasonably necessary to dispose of it. *Id.* We also noted that the fact that we had declined to issue the writ in *Thompson* because the petitioner did not have standing should not be construed as sanctioning unreasonable delays. *Id.* at 536–37, 838 S.W.2d at 355.

Because Williams's petition and related pleadings have been pending beyond a time reasonably necessary to dispose of them, Williams's request for an order disposing of these matters is granted. However, Williams's request that Judge Porch vacate his conviction and sentence, appoint an attorney, conduct an evidentiary hearing, and grant a new trial is denied. Accordingly, Judge Porch is directed to issue an order disposing of the Rule 37.1 petition and the related motions within 120 days of the date of this order.

Petition granted in part and denied without prejudice in part.

HART, J., dissents.