Cite as 2019 Ark. 271

# SUPREME COURT OF ARKANSAS

No. CR–19–485

| | |
|---|---|
| SANTONIO TURNER<br><div align="right">PETITIONER</div><br>V.<br><br>HONORABLE WENDELL GRIFFEN,<br>CIRCUIT JUDGE<br><div align="right">RESPONDENT</div> | **Opinion Delivered** October 10, 2019<br><br>PRO SE PETITION FOR WRIT OF MANDAMUS<br>[PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION, NO. 60CR-02-2823]<br><br><u>PETITION MOOT</u>. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Santonio Turner filed a pro se petition for writ of mandamus in which he contended that the Honorable Wendell Griffen, circuit judge, had not acted in a timely manner on a "petition to reconsider and/or modify sentence" filed on July 16, 2018.[1] The Attorney General's office filed a response on Judge Griffen's behalf, stating that an order had been entered denying Turner's petition to reconsider.[2]

The purpose of a writ of mandamus is to enforce an established right to enforce the performance of a duty. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152. A writ of mandamus

---

[1]The "petition to reconsider and/or modify sentence" was filed in reference to Turner's judgment-and-commitment order filed-marked on November 20, 2003, for which he was sentenced to 456 months' imprisonment for the offenses of rape, kidnapping, and aggravated assault on a family or household member. Turner subsequently filed a motion to expedite on December 17, 2018, contending he had not received a ruling regarding the petition to reconsider.

[2]The June 18, 2019 file-marked order denying the petition to reconsider was attached as exhibit A to the response.

is issued by this court to compel an official or judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Id.*

As a general rule, this court will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *Griffin v. Alexander*, 2017 Ark. 235. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing controversy. *Thornton v. Guynn*, 2018 Ark. 211. Here, the petition that was the subject of the mandamus action—the petition to reconsider and/or modify—has been acted on by the circuit judge, rendering the mandamus action moot.

Petition moot.