Cite as 2019 Ark. 283

# SUPREME COURT OF ARKANSAS

No. CV-19-233

| | |
|---|---|
| CHARLES EDWARD JONES, SR.<br>PETITIONER | **Opinion Delivered** October 17, 2019 |
| V. | PRO SE PETITION FOR WRIT OF MANDAMUS; RESPONDENT'S MOTION FOR PERMISSION TO FILE SECOND AMENDED RESPONSE TO PETITION FOR WRIT OF MANDAMUS [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-17-55] |
| HONORABLE QUINCEY ROSS,<br>CIRCUIT JUDGE<br>RESPONDENT | |
| | AMENDED RESPONSE REQUESTED; MOTION GRANTED. |

**JOSEPHINE LINKER HART, Associate Justice**

Petitioner Charles Edward Jones, Sr., filed a pro se petition for writ of mandamus in which he contends that the Honorable Quincey Ross, circuit judge, has not acted in a timely manner on a petition for writ of habeas corpus filed on May 30, 2017. Although Jones's mandamus petition references a May 30, 2017 habeas petition, the partial record tendered with the mandamus petition in this court contains a pro se habeas petition file-marked on December 13, 2017, and an accompanying motion for evidentiary hearing filed on June 22, 2018. After an initial response was filed by the Attorney General's office on Judge Ross's behalf, this court "requested Judge Ross to file an amended response within ten days of the date of this opinion setting out whether the habeas petition filed December

13, 2017, has been acted on[, and] also directed that a copy of the filing entered on May 30, 2017, be submitted when the amended response is filed." *Jones v. Ross*, 2019 Ark. 170.

Judge Ross filed a timely amended response, attaching a copy of the May 30, 2017 filing, which was a petition for leave to proceed in forma pauperis "by which Jones sought permission to proceed as an indigent in a habeas-corpus proceeding against Wendy Kelley, Director of the Arkansas Department of Correction."[1] The amended response noted that the partial tendered record in this court contained a copy of a subsequent habeas petition filed in the same case bearing the file-mark date of December 13, 2017, and that a hearing had been set regarding Jones's "habeas petition(s)." On June 18, 2019, Judge Ross tendered a second amended response, stating that, during a hearing on June 10, 2019, Jones's argument for issuance of a writ of habeas corpus was considered.[2] A June 12, 2019 file-marked order was attached to the second amended response, and in the order denying habeas relief, reference was made to Jones's May 30, 2017 petition for writ of habeas corpus.

The purpose of a writ of mandamus is to enforce an established right to enforce the performance of a duty. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152. A writ of mandamus is issued by this court to compel an official or judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an

---

[1]The attached exhibit contained, as referenced by respondent, "a proposed habeas petition" appended to Jones's in forma pauperis petition.

[2]The motion for permission to file a second amended response to petition for writ of mandamus requests that the second amended response be filed in lieu of being tendered as it was an additional amended response to advise the court of the circuit court's disposition regarding the underlying action—not the initial amended response to be in compliance with the court's request in *Jones*, 2019 Ark. 170.

established right. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Id.*

Although it appears the respondent has complied with the request of this court regarding the May 30, 2017 habeas petition, it remains unclear what action has been taken with respect to the December 13, 2017 habeas petition. As the amended response indicated, a petition to proceed in forma pauperis was filed on May 30, 2017, and a proposed petition for writ of habeas corpus was attached to the petition to proceed in forma pauperis as an exhibit.[3] Based on the June 12, 2019 order, it appears that the circuit court determined Jones was a pauper, as the court proceeded to deny Jones relief on the merits of the habeas petition. *See* Ark. R. Civ. P. 72 (2018); *see generally Gardner v. Kelley*, 2018 Ark. 212, 549 S.W.3d 349.

As a general rule, this court will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *Griffin v. Alexander*, 2017 Ark. 235. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing controversy. *Thornton v. Guynn*, 2018 Ark. 211. Here, the circuit court has issued an order with respect to the May 30, 2017 habeas petition. However, as Judge Ross stated in his amended response, a subsequent habeas petition was filed on December 13, 2017, and this court specifically requested an amended response setting out whether the habeas petition filed December 13, 2017, had been acted on, which we have yet to receive. Whether the June 12, 2019 order disposing of the May 30, 2017

---

[3]The petition to proceed in forma pauperis bears a file-mark date of May 30, 2017; however, the attached exhibits bear no separate file-mark.

habeas petition also addresses or includes the December 13, 2017 habeas petition is unclear. As such, we request Judge Ross to file an amended response within ten days of the date of this opinion setting out whether the habeas petition filed December 13, 2017, has been acted on.

Amended response requested; motion granted.