Cite as 2020 Ark. 272

# SUPREME COURT OF ARKANSAS
No. CR-20-68

| | |
|---|---|
| CHARLES G. RODGERS<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered** September 17, 2020<br><br>PRO SE PETITION FOR WRIT OF MANDAMUS<br>[PHILLIPS COUNTY CIRCUIT COURT, NO. 54CR-02-171]<br><br><u>PETITION GRANTED IN PART AND DENIED IN PART</u>. |

**KAREN R. BAKER, Associate Justice**

Petitioner Charles G. Rodgers filed a pro se petition for writ of mandamus in which he contends that the Honorable E. Dion Wilson, circuit judge, has failed to act on a petition for writ of mandamus filed on July 19, 2019, and an amended petition for writ of mandamus filed on September 3, 2019. The Attorney General's Office filed a response on Judge Wilson's behalf on April 6, 2020. Because the circuit court has not acted on the original petitions, we grant Rodgers's request for rulings on the petitions but deny Rodgers's request that the mandamus petitions filed below be granted "outright" and a hearing ordered.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Jones v. Ross*, 2019 Ark. 283. A writ of mandamus is issued by this court to compel an official or a judge to take some action. *Id.* A writ of mandamus will

not lie to control or review matters of discretion and is used to enforce an established right. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Id.* Mandamus will compel a judge to act when he or she should act, but it will not be used to tell a judge how to decide a judicial question. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

Rodgers contends that he filed the mandamus petitions below to request authorization to obtain records from the Arkansas State Crime Laboratory pursuant to Arkansas Code Annotated section 12-12-312. Because the circuit court had not ruled on the underlying mandamus petition, Rodgers filed the mandamus action presently before this court. In his claim for relief, Rodgers asks this court to grant the petition "and issue a mandamus to the Phillips County prosecutor Todd Murray directing him to grant the Arkansas State Crime Lab authorization or permission to release all evidence, reports, testing results, photos, and evidence submission logs to the petitioner, Rodgers." In its response the Attorney General's Office states that the petition should be denied because Rodgers requests this court to grant a particular ruling, and mandamus does not lie to compel such rulings.

Mandamus will not lie to instruct a circuit court how to decide the issue. The circuit court has not informed this court of any action that has been taken regarding the July 19 mandamus petition and the September 3 amended mandamus petition or whether any action is to be taken. A court does have a ministerial duty to timely act on pleadings filed, regardless of the merit of those pleadings. *Williams*, 2018 Ark. 1, 534 S.W.3d 152; *see also*

2

*Wesley v. Wright*, 2019 Ark. 10 (All courts have a duty to act timely.). Because the respondent has indicated no inclination to dispose of the matter, Rodgers's request for an order disposing of this matter is granted. However, Rodgers's request that the underlying mandamus petitions be granted "outright" and that he be granted a hearing is denied. Accordingly, Judge Wilson is directed to issue an order disposing of the mandamus petition and the amended petition within thirty days of the date of this order.

Petition granted in part and denied in part.

*Charles G. Rodgers*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for appellee.