Cite as 2022 Ark. 31

# SUPREME COURT OF ARKANSAS

No. CR-21-415

| | | |
|---|---|---|
| CLEVELAND EVANS | | **Opinion Delivered:** February 17, 2022 |
| | PETITIONER | |
| V. | | PRO SE PETITION FOR WRIT OF MANDAMUS FOR EXTRAORDINARY WRIT FOR EXPEDITED CONSIDERATION AND/OR FOR WRIT TO ISSUE RELIEF; MOTION OF OBJECTION AND FOR ARKANSAS SUPREME COURT TO ADJUDICATE THE MERITS OF THIS EXTRAORDINARY WRIT OF MANDAMUS AND/OR TO ISSUE FOR RELIEF [PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION, NO. 60CR-08-5049] |
| STATE OF ARKANSAS | | |
| | RESPONDENT | |
| | | PETITION GRANTED IN PART AND DENIED IN PART; MOTION DENIED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Cleveland Evans was convicted by a Pulaski County jury of capital murder and sentenced to life imprisonment without parole in June 2010. Evans appealed his conviction and sentence, and we affirmed. *Evans v. State*, 2011 Ark. 33, 378 S.W.3d 82. Evans subsequently sought postconviction relief pursuant to Rule 37.1 (2013), which was denied by the trial court, and we affirmed the denial of relief. *Evans v. State*, 2014 Ark. 6. Now before this court is Evans's pro se petition for writ of mandamus for extraordinary writ for expedited consideration and/or for writ to issue relief. Evans also, by motion, objects to the trial court's actions in the underlying matter and requests that this court adjudicate the merits of the underlying pleadings. We grant

the writ of mandamus and deny the request for expedited consideration and writ to issue relief and deny the subsequent motion.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Khalifa v. State*, 2021 Ark. 109. A writ of mandamus will not lie to control or review matters of discretion. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be compelled is ministerial and not discretionary. *Parker v. Crow*, 2010 Ark. 371, 368 S.W.3d 902. Mandamus will compel a court to act but will not be used to tell a court how to decide a judicial question. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

In his petition for writ of mandamus, Evans raises multiple requests for relief: (1) the trial court presided over by the Honorable Barry Sims, circuit judge, has failed to act on a petition he filed in the trial court in March 2020 in violation of his constitutional rights; (2) this court should find that the Act 1780 petition should be granted as well as a motion for evidentiary hearing and appointment of counsel that Evans filed in the trial court; and (3) this court, if it finds that the matter should be "remanded," should determine the issues to be decided by the trial court and instruct that a different judge be appointed.[1] After initial review of the writ, this court entered a per curiam order directing the State to respond to the petition. The State responded, noting that a new judge will soon be assigned to Evans's case and that the circuit

---

[1] On March 2, 2020, Evans filed a pro se petition pursuant to Act 1780, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), in the Pulaski County Circuit Court, alleging his actual innocence. On March 26, 2021, Evans moved to amend the Act 1780 petition, and on June 10, 2021, Evans filed a pro se motion for evidentiary hearing and for appointment of counsel.

court should not be compelled to act on Evans's Act 1780 petition by an extraordinary writ.[2] Because a new judge will require time to act on the Act 1780 petition, the State asserts that mandamus relief is not warranted.

Contrary to the State's assertion otherwise, mandamus does lie. Giving due consideration to the trial court's docket and its ability to control its own docket, the assignment of the underlying matter to another circuit judge does not dispose of the matter and secure any ruling on a petition that has been filed since March 2020. A court does have a ministerial duty to timely act on pleadings filed. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72; *Wesley v. Wright*, 2019 Ark. 10.

We deny Evans's requests to grant the Act 1780 petition and motion for evidentiary hearing and appointment for counsel and that this court give consideration to issues for "remand" and replacement of the circuit judge. A writ of mandamus will not lie to control or review matters of discretion but is warranted to enforce an established right. *Jones v. Ross*, 2019 Ark. 283. Mandamus does not lie to compel a particular ruling by this court, nor does it lie to instruct a trial court how to decide an issue. *Rodgers*, 2020 Ark. 272, 606 S.W.3d 72.

However, because the matter has not been disposed of below, Evans's request for a writ directing the court to dispose of the matter is granted.

Petition granted in part and denied in part; motion denied.

*Cleveland Evans*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for respondent.

---

[2]The State attached an order of recusal signed by Judge Sims that was not file-marked.