Cite as 2022 Ark. 48

# SUPREME COURT OF ARKANSAS

No. CR-21-477

| | | |
|---|---|---|
| RODDIE LYNN GOLDEN | PETITIONER | **Opinion Delivered:** March 3, 2022 |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | PRO SE PETITION FOR WRIT OF MANDAMUS [GARLAND COUNTY CIRCUIT COURT, NO. 26CR-19-566] |
| | | PETITION GRANTED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Roddie Lynn Golden filed a pro se petition for writ of mandamus in which he contends that the Honorable Marcia Hearnsberger, circuit judge, has not ruled on a pro se motion seeking a nunc pro tunc order in which he claims that a September 21, 2020 sentencing order requires correction of a clerical error. After this court requested a response in a per curiam order on December 9, 2021, the Attorney General's Office filed a response on Judge Hearnsberger's behalf on December 17. Because the circuit court has not acted on the original motion, we grant Golden's request for a ruling on the motion.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72. A writ of mandamus is issued by this court to compel an official or a judge to take some action. *Id*. A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Jones v. Ross*, 2019 Ark. 283. Issuance of the writ of mandamus is

appropriate only when the duty to be compelled is ministerial and not discretionary. *Id.* Mandamus will compel a judge to act when he or she should act, but it will not be used to tell a judge how to decide a judicial question. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

Golden contends that he filed the mandamus action presently before this court because the circuit court has not ruled on the underlying motion seeking a nunc pro tunc order. Golden further contends that the pleading does not require "any grant of a 'informa pauperis petition'" for the circuit court to rule on the motion to correct clerical errors. The partial record filed by Golden indicates that he filed a motion seeking a nunc pro tunc order; however, there is no accompanying petition to proceed in forma pauperis, nor is there an order disposing of the motion seeking a nunc pro tunc order.

The circuit court has not informed this court of any action that has been or will be taken regarding the nunc pro tunc motion. Although the Attorney General's Office, as the respondent, filed a response as requested by this court, the response states—what this court has already gleaned from Golden's assertions and the partial record—that the "circuit court has not yet ruled on the motion" and further states it "has no knowledge as to why no ruling has been issued." Because the respondent has indicated no reason for the circuit court's failure to rule on the matter, Golden's request for an order disposing of the matter is granted. Accordingly, Judge Hearnsberger is directed to issue an order disposing of the motion seeking a nunc pro tunc order within thirty days of the date of this order.

Petition granted.

*Roddie L. Golden*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.