Cite as 2022 Ark. 104

# SUPREME COURT OF ARKANSAS
### No. CV-21-314

| | |
|---|---|
| RANDALL THOMAS MCARTY<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>MARY CLAIRE MCLAURIN<br><div align="right">APPELLEE</div> | **Opinion Delivered:** May 19, 2022<br><br>PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION<br>[NO. 60CV-19-6676]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br><u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Randall Thomas McArty, appeals from the circuit court's order granting appellee's motion to dismiss his petition for writ of mandamus wherein he sought an order directing Mary Claire McLaurin, counsel and representative of the Arkansas crime lab, to forward copies of his victim's autopsy photographs directly to him.[1] Because McArty has not demonstrated a right to possession of the autopsy photographs, or that appellee failed to perform a duty under Arkansas Code Annotated section 12-12-312 (Repl. 2014), we affirm.

In 1993, McArty was found guilty of murder in the first degree and sentenced to life imprisonment. The conviction arose as the result of the shooting death of McArty's

---

[1]McArty originally named Kelli Laporte, attorney for the crime lab, as the respondent, but after Ms. Laporte left the crime lab, McLaurin was substituted as the respondent on motion of the crime lab.

girlfriend, Teresa Chamberlain. We affirmed. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994).

McArty subsequently filed multiple petitions for the release of his criminal file, including the autopsy photographs, and named the prosecutor, Henry Morgan, as the respondent. In 2003, McArty appealed the circuit court's denial of his request under the Freedom of Information Act (FOIA) for the disclosure of documents from Morgan. The petition was dismissed by the circuit court on the basis that the prosecutor had turned over all the necessary material. In conjunction with the appeal, McArty filed a motion with this court asking to supplement the appellate record with autopsy photographs. We denied the motion on the basis that McArty had failed to demonstrate that the photographs were essential to determine the issue before the court. *McArty v. Morgan*, CV-03-293 (Ark. June 19, 2003) (unpublished per curiam). In 2004, McArty's mother requested the material from the prosecutor, and this court remanded the matter to the circuit court to determine whether McArty's mother was acting on McArty's behalf at the time. *McArty v. Morgan*, CV-03-293 (Ark. May 20, 2004) (unpublished per curiam). On remand, the circuit court again denied the petition, finding that the prosecutor had complied with the FOIA request and provided appellant with all the documents in the prosecutor's possession. On appeal, McCarty argued that it was the prosecutor's duty to subpoena the photographs from the crime lab. We disagreed and affirmed the circuit court's denial. *McArty v. Morgan*, 04-1086 (Ark. Nov. 3, 2005) (unpublished per curiam).

The events leading to this appeal began in 2019, when McArty made a request to the crime lab for all documents in its possession related to his criminal trial and conviction, including the photographs and diagrams of the victim's autopsy. Appellee responded to McArty's request and forwarded the material to the chief counsel of the Arkansas Department of Correction for the purpose of review. The ADC's chief counsel provided the materials to McArty but in a letter stated that the photographs had been withheld as contraband.

McArty filed a mandamus petition in the circuit court on September 27, 2019, and alleged that counsel for the crime lab should be compelled to provide all the material, including copies of photographs, directly to him rather than forwarding the materials to the ADC's counsel for review. Appellee filed a motion to dismiss alleging that McArty's petition was subject to collateral estoppel or issue preclusion. Appellee later filed a notice of supplemental authority after we handed down our March 18, 2021 opinion in *Davis v. Kelley*, 2021 Ark. 63. Appellee also argued that she had fulfilled her statutory duty by providing the file to the ADC.

After a hearing, the circuit court granted the respondent's motion to dismiss "for the reasons stated therein" and dismissed the petition with prejudice. Additionally, the circuit court found that McArty had failed to state a claim on which relief could be granted and imposed a strike. McArty filed a timely appeal.

The standard of review of a circuit court's grant or denial of a petition for writ of mandamus is whether the circuit court abused its discretion. *Rogers v. Ark. Dep't of Corr.*, 2022

Ark. 19, 638 S.W.3d. 265. A circuit court abuses its discretion when it makes a decision that is arbitrary and capricious. *Id.*

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Ark. Dev. Fin. Auth. V. Wiley*, 2020 Ark. 395, 611 S.W.3d 493. In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in the plaintiff's favor. *Kennedy v. Ark. Parole Bd.*, 2017 Ark. 234. Furthermore, our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72. A writ of mandamus is issued by this court to compel an official or a judge to take some action. *Id.* A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Id.* It is an appropriate remedy when a public officer is called upon to do a plain and specific duty that is required by law and that requires no exercise of discretion or official judgment. *Davis v. Kelley*, 2021 Ark. 63. Moreover, a mandamus action is to enforce the performance of a legal right after it has been established—not to establish a right. *Rogers*, 2022 Ark. 19, 638 S.W.3d 265. The petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *T.J. ex rel. Johnson v. Hargrove*, 362 Ark. 649, 210 S.W.3d 79 (2005).

In his petition, McArty claimed that he was entitled to autopsy photos and diagrams pursuant to Arkansas Code Annotated section 12-12-312(a), which concerns the release of records from the crime lab. Although crime lab records are generally confidential, they may be released in certain circumstances. Section 12-12-312(a)(1)(A)(ii)(*a*) (Supp. 2021) provides in relevant part that "the laboratory shall grant access to records pertaining to a defendant's criminal case to . . . [t]he defendant."[2] As a basis for issuance of the writ, McArty claims an established legal right to the receipt of any material forwarded to him by the crime lab without intervention of the ADC.

An inmate retains certain fundamental constitutional rights while incarcerated; those rights are limited, however, by the fact of incarceration and valid penological objectives, such as deterrence of crime, rehabilitation of prisoners, and institutional security. *Muntaqim v. Lay*, 2019 Ark. 203, 575 S.W.3d 542. It is well settled that a prison may prohibit incoming material contained in mail delivered to a prison unit and deemed by prison officials to be detrimental to the security, good order, or discipline of the institution. *Id.* (citing *Thornburgh v. Abbott*, 490 U.S. 401 (1989)).

As stated, attached to the petition that McArty filed in the circuit court is a letter from the ADC's chief counsel explaining that the materials the crime lab forwarded to

---

[2]Section 12-12-312 was amended by Act 151 of 2021 and now states in pertinent part that the crime laboratory is not required to provide autopsy photographs to an ADC inmate unless the inmate can demonstrate to a court a reasonable need for the photographs. *See* Ark. Code Ann. § 12-12-312(a)(3), (a)(4)(B) (Supp. 2021). This amendment was not in effect when McArty filed his petition in September 2019.

McArty were reviewed and that the autopsy photographs had been withheld as contraband in accordance with ADC policy. Section 12-12-312 requires the crime lab to provide a defendant access to his or her own crime lab records. It does not prescribe the process that the crime lab must follow in fulfilling its duty to provide access to incarcerated individuals. In *Davis*, we observed that section 12-12-312(a) provided for a right of "access," but not a right of "possession." We further observed that the duty to provide access was imposed solely on the crime lab. In this instance, appellee forwarded a copy of McArty's entire file to the ADC. It is ADC officials who are withholding the autopsy photos.[3] McArty did not join ADC officials as necessary parties to the mandamus petition pursuant to Rule 19 of the Arkansas Rules of Civil Procedure (2019). Therefore, there is no showing that the ADC's withholding of the photographs violated ADC policies or was not the result of legitimate penological interests. Likewise, there has been no declaration as to what rights McArty may have in accessing his crime lab records, including photos, while he is an inmate. McArty's petition therefore failed to state sufficient facts to establish that he has a clear and certain right to possess materials that are deemed contraband by ADC officials or that appellee is required to take any further or specific actions to provide him access to the entire crime lab file. Although the circuit court based its decision on a different rationale, we may look to the

---

[3]Even if the file had been mailed directly to McArty, as he has demanded, it would have been opened by ADC officials and examined for contraband pursuant to the ADC policy that is part of the record.

record to affirm for a different reason. *See, e.g.,* *Johnson v. State*, 343 Ark. 343, 37 S.W.3d 191 (2001).

The circuit court also found that McArty had failed to state a claim for relief and, for that reason, imposed a strike pursuant to Arkansas Code Annotated section 16-68-607 (Supp. 2017). For the reasons set forth above, the circuit court did not abuse its discretion when it found that McArty's petition had failed to state a claim for mandamus relief and imposed a strike.

Affirmed.

WOMACK, J., concurs without opinion.