Cite as 2023 Ark. 18

# SUPREME COURT OF ARKANSAS
**No.** CV-22-204

| | |
|---|---|
| CHRIS P. CORBITT, ESQ. | **Opinion Delivered:** March 2, 2023 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-20-275] |
| V. | |
| PULASKI COUNTY JAIL; ERIC HIGGINS, IN HIS OFFICIAL CAPACITY AS PULASKI COUNTY SHERIFF; AND BARRY HYDE, IN HIS OFFICIAL CAPACITY AS PULASKI COUNTY JUDGE | HONORABLE HERBERT WRIGHT, JUDGE |
| APPELLEES | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant Chris Corbitt appeals a Pulaski County Circuit Court order denying his complaint for declaratory judgment and injunctive relief and petition for writ of mandamus seeking to direct appellees Pulaski County Jail; Eric Higgins, in his official capacity as Pulaski County Sheriff; and Barry Hyde, in his official capacity as Pulaski County Judge, to allow Corbitt to carry a firearm inside the Pulaski County District Court. For reversal, Corbitt argues that the circuit court abused its discretion by denying his petition for writ of mandamus because the plain language of Arkansas Code Annotated section 5-73-122(b) (Supp. 2021) allows him to carry a firearm into a courthouse. We affirm.

## I. *Facts*

On January 3, 2020, Corbitt, a licensed attorney in the state of Arkansas, attempted to enter the Pulaski County District Courthouse with a firearm. The guard informed Corbitt

that lawyers are not authorized to possess handguns in the courtroom of any court or courthouse of this state. Corbitt showed the guard a copy of Arkansas Code Annotated section 5-73-122(b), which Corbitt had displayed on his cell phone. A detective arrived from the Pulaski County Sheriff's Department, and Corbitt again asked if he could enter the courthouse with a firearm. The detective refused and required Corbitt to go through a metal detector to confirm that he was unarmed.

On January 9, 2020, Corbitt filed a complaint for declaratory judgment and injunctive relief in the circuit court. He sought a declaration that Act 1087 of 2017, codified at Arkansas Code Annotated section 5-73-122(b), authorizes attorneys as "officers of the court" to carry a firearm in any court or courthouse of this state, and a declaration that appellees' actions violated Arkansas law. He also sought to enjoin appellees from preventing lawyers from entering a courthouse with a firearm. Appellees moved to dismiss, challenging Corbitt's interpretation of the statute and arguing that it only permits officers of the court to possess a firearm in a courthouse when "authorized by the court." On September 29, 2021, Corbitt filed a petition for writ of mandamus asking that the court "direct the defendants to permit attorneys in court with a firearm as provided by state statute[.]" Appellees responded that mandamus was inappropriate because Corbitt had not shown a clear and certain right to the relief sought or the absence of any other adequate legal remedy.

Following a hearing, the circuit court entered an order on January 27, 2022. It found that the Pulaski County Jail, as a building, is immune from suit, and it dismissed it as a defendant. It further found that Corbitt was not entitled to injunctive relief, declaratory judgment, or a writ of mandamus. It denied both Corbitt's complaint for injunctive relief

and declaratory judgment and his petition for writ of mandamus. He filed a timely notice of appeal from the circuit court's order, and this appeal followed.

## II. *Writ of Mandamus*

As a preliminary matter, although the order from which Corbitt appealed denied all relief that he requested, Corbitt only challenges on appeal the denial of his petition for writ of mandamus. He does not advance an argument on the denial of his complaint for declaratory judgment and injunctive relief. Thus, our review is confined to the denial of his petition for writ of mandamus.

For reversal, Corbitt argues that the circuit court abused its discretion in refusing to grant his petition for writ of mandamus for two reasons: (1) because it misinterpreted Arkansas Code Annotated section 5-73-122(b), which allows "officers of the court" to possess a handgun in a courthouse; and (2) because it erred in not following Arkansas Code Annotated section 16-115-103 (Repl. 2016), which states that a writ of mandamus shall have precedence over all other actions and proceedings.

The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Rodgers v. State*, 2020 Ark. 272, at 1, 606 S.W.3d 72, 73. A writ of mandamus will not lie to control or review matters of discretion and is used to enforce an established right. *Id.*, 606 S.W.3d at 73. It is an appropriate remedy when a public officer is called upon to do a plain and specific duty that is required by law and that requires no exercise of discretion or official judgment. *Davis v. Kelley*, 2021 Ark. 63, at 6. Moreover, a mandamus action is to enforce the performance of a legal right after it has been established— not to establish a right. *McArty v. McLaurin*, 2022 Ark. 104, at 4, 643 S.W.3d 777, 780.

3

When requesting a writ of mandamus, the petitioner must show a clear and certain right to the relief sought and the absence of any other adequate remedy. *Id.*, 643 S.W.3d at 780. The standard of review in granting or denying a petition for writ of mandamus is whether the circuit court abused its discretion. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, at 5, 515 S.W.3d 593, 596. A circuit court abuses its discretion when it makes a decision that is arbitrary or capricious. *Id.*, 515 S.W.3d at 596.

Specifically, with regard to section 5-73-122(b), Corbitt asserts that it allows officers of the court to possess a firearm in the courtroom of any court or courthouse in the state and that the phrase "officers of the court" means attorneys. Thus, he claims that because he is an attorney, he has a clearly established right to carry a firearm in a courthouse of this state. Arkansas Code Annotated section 5-73-122(b) states:

> (b) However, a law enforcement officer, either on-duty or off-duty, officer of the court, bailiff, or other person authorized by the court is permitted to possess a handgun in the courtroom of any court or a courthouse of this state.

Here, in denying mandamus relief, the circuit court found that Corbitt failed to show that he had a clear, legal right that had been denied. We agree with the circuit court's conclusion. In addition to seeking mandamus, Corbitt simultaneously sought to establish his rights under section 5-73-122(b) by filing a complaint for declaratory judgment. This court has stated that a declaratory judgment is a remedy peculiarly appropriate to controversies between private citizens and public officials about the meaning of statutes. *Jones v. Clark*, 278 Ark. 119, 122, 644 S.W.2d 257, 259 (1983). Mandamus, however, seeks to enforce a legal right after it has been established—not to establish a right. *McArty*, 2022 Ark. 104, at 4, 643 S.W.3d at 780. Corbitt should have established his rights pursuant to section 5-73-

4

122(b) before filing his petition for writ of mandamus. He did not do so. Therefore, we see no abuse of discretion in the circuit court's denial of his mandamus petition.

Finally, Corbitt argues that the circuit court erred by not following Arkansas Code Annotated section 16-115-103, which states that a writ of mandamus shall have precedence over all other actions and proceedings. With the foregoing precedent in mind, we note that in its January 22, 2022 order, after dismissing the Pulaski County Jail as a nonentity, the circuit court conducted its analysis and determined that Corbitt was "not entitled to a writ of mandamus because he has shown that he has no clear legal right that has been denied." It then went on to deny declaratory judgment and injunctive relief. For these reasons, we hold that the circuit court properly followed section 16-115-103. Accordingly, we affirm the circuit court's denial of Corbitt's mandamus petition.

Affirmed.

WOOD, WOMACK, and WEBB, JJ., concur in part and dissent in part.

**RHONDA K. WOOD, Justice, concurring in part and dissenting in part.** I concur with the majority's decision to affirm the denial of the writ of mandamus. But I disagree with the majority's disposition of the request for declaratory judgment. In my view, appellant sufficiently raised the denial of that relief on appeal, and I would squarely address it.

Appellant, an attorney, filed his complaint after being refused entry into a courthouse with a handgun. Appellant argued, as an officer of the court, that an Arkansas statute permits his entry while so armed. He sought declaratory relief. Here's the relevant language from the controlling statute:

5

> [A] law enforcement officer, either on–duty or off–duty, officer of the court, bailiff, or other person authorized by the court is permitted to possess a handgun in the courtroom of any court or a courthouse of this state.

Ark. Code Ann. § 5-73-122(b) (Supp. 2021). Even the appellees do not contest on appeal that attorneys, such as appellant, are officers of the court. Thus, the General Assembly passed a statute that "permits" attorneys, as officers of the court, to possess a handgun in a courthouse.

Below, the circuit court held that the language "authorized by the court" applies to each person in the statute. In other words, it found that a court must still authorize an attorney to possess a handgun before entry into the courthouse. But this holding misinterprets the statute. One rule of interpretation holds that "when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series." A. Scalia & B. Garner, *Reading Law* 147 (2012); *see also Protect Fayetteville v. City of Fayetteville*, 2017 Ark. 49, at 10 n.1, 510 S.W.3d 258, 263 n.1. This is known as the "series-qualifier canon." *Id*. Yet this canon won't apply when the "insertion of a determiner [i.e., a, the, some, etc.] . . . tends to cut off the modifying phrase so its backward reach is limited." *Id*. at 149. Such a determiner is present here: *other*. Had the drafters intended the "authorized by the court" language to apply to each item, they would have omitted the word "other." As it reads, law enforcement officers, bailiffs, and officers of the court (attorneys) can possess handguns in courthouses alongside *other* people the court authorizes to do so.

I do not address the separate issue of whether attorneys may bring guns into the courtroom and the appellees' separation–of–powers arguments. Appellant abandoned pursuit

of this separate issue on appeal. At the oral argument for this case, counsel for appellant confirmed multiple times to this court that he was not seeking a declaration that attorneys be permitted to carry handguns into a courtroom.[1] And his brief concludes with a request for this court to hold "that officers of the court may carry a handgun into the courthouse."

**SHAWN A. WOMACK, Justice, concurring in part and dissenting in part.** Because Chris Corbitt had an adequate and alternate remedy available, I agree with the majority's conclusion that a writ of mandamus cannot lie. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, at 4–5, 515 S.W.3d 593, 596. However, I disagree that Corbitt did not sufficiently appeal the denial of his petition for a declaratory judgment.

In Corbitt's notice of appeal, he explicitly noted that "[t]his appeal involves the Circuit Court order denying the Plaintiff's motions for declaratory judgment, injunctive relief, and a writ of mandamus." To be thorough, Corbitt again noted that he "appeals the circuit court order denying his motions," plural, and that there are no unresolved or abandoned claims. Moreover, a majority of Corbitt's briefs address entitlement to a declaratory judgment in his favor. Accordingly, Corbitt sufficiently appealed the denial of his motion for a declaratory judgment and advanced a convincing argument on appeal for why he was entitled to it. The majority's conclusion otherwise is wrong, and this court should reach the merits of Corbitt's claim for a declaratory judgment.

---

[1]Oral argument at 4:25; 45:15; and 46:35, *Corbitt v. Pulaski Cnty. Jail*, 2023 Ark. 18 (No. 22-204), https://arkansas-sc.granicus.com/MediaPlayer.php?view_id=4&clip_id=1460, archived at https://perma.cc/JNY5-HHNM.

This court reviews decisions on declaratory-judgment actions for clear error. *Gray v. Webb ex rel. Republican Party of Ark.*, 2020 Ark. 385, at 3, 611 S.W.3d 466, 468. However, this court gives no deference to a circuit court's conclusions of law, instead reviewing them *de novo*. *Id*. When interpreting a statute, this court will "construe [the statute] just as it reads, giving the words their ordinary and usually accepted meaning in common language[;] . . . *no word is left void, superfluous or insignificant*." *City of Little Rock v. Rhee*, 375 Ark. 491, 495, 292 S.W.3d 292, 294 (2009).

Relevant to Corbitt's claims, the General Assembly twice amended Arkansas's law on carrying a firearm in a public building—Arkansas Code Annotated section 5-73-122. The first amendment provided, in part, that "a law enforcement officer, officer of the court, bailiff, or any other person authorized by the court <u>is permitted to possess</u> a handgun in the courtroom of any court or <u>a courthouse of this state</u>." 2017 Ark. Acts 1087 § 1(b) (deletions omitted). This new addition to the statute completely changed the regulation of firearms in public buildings and expressly permitted, among others, officers of the court to carry handguns in courthouses. *Compare* Ark. Code Ann. § 5-73-122(b)(1) (Supp. 2015) *with* Ark. Code Ann. § 5-73-122(b) (Supp. 2017).

Two years later, the General Assembly amended the statute as follows: "a law enforcement officer, <u>either on-duty or off-duty</u>, officer of the court, bailiff, or ~~any~~ other person authorized by the court is permitted to possess a handgun in the courtroom of any court or a courthouse of this state." 2019 Ark. Acts 472 § 3(a)(2). This amendment was in effect when Corbitt attempted to enter the Pulaski County District Court courthouse with his handgun. Under these amendments, Corbitt argues that section 5-73-122(b) gives him

an affirmative right to enter a courthouse with his handgun because, as an attorney, he is an officer of the court. He is correct.

Section 5-73-122(b) unambiguously permits "officers of the court," among others, to carry handguns into courthouses.[1] As this court has repeatedly recognized, an "officer of the court" is commonly understood to be an attorney or a lawyer. *Lewondowski v. State*, 2022 Ark. 46, at 6, 639 S.W.3d 850, 855 ("The attorneys at trial are all esteemed officers of the court . . . ."); *In re Arkansas Access to Just. Month*, 2021 Ark. 171, at 1 (per curiam) ("As officers of the court, Arkansas attorneys bear a professional responsibility . . . ."). Although Pulaski County argues that officers of the court may carry a handgun into the courthouse only if the judge has expressly authorized them to do so, this is a contorted reading of the statute and is simply wrong.

First, the statute permits four distinct groups of people to carry a handgun in a courthouse: (1) a law enforcement officer, either on-duty or off-duty; (2) an officer of the court; (3) a bailiff; *or* (4) other person authorized by the court. Ark. Code Ann. § 5-73-122(b) (Supp. 2021). Pulaski County's argument that "other person authorized by the court" modifies the first three groups would render a majority of the statute superfluous. *See Rhee*, 375 Ark. at 495, 292 S.W.3d at 294 (refusing to construe a statute in a way that would make a word void, superfluous, or insignificant). If this was, in fact, true, the statute would only need to authorize one group to carry a handgun inside a courthouse: those whom the judge has authorized.

---

[1]At oral argument, Corbitt's counsel clarified that this appeal only concerned an attorney's right to carry a firearm into a courthouse, not a courtroom.

9

Corbitt's reading is vindicated by examining both the plain meaning of the current statutory text and the language of the underlying legislative act that created it. In the most recent, relevant amendment, the General Assembly made the following change: ". . . ~~any~~ other person authorized by the court is permitted to possess a handgun in the courtroom of any court or a courthouse of this state." 2019 Ark. Acts 472 § 3(a)(2). The General Assembly's decision to strike "any" from the statute suggests that while the three preceding categories *may* have once required authorization from the court, such requirement is no more. "[O]ther person authorized by the court" is unambiguously a separate and distinct category, as are "a law enforcement officer, . . . officer of the court, [or] bailiff." Ark. Code Ann. § 5-73-122(b).

Next, Pulaski County argues that Corbitt's reading of the statute renders the statute unconstitutional. Specifically, the county contends *arguendo* that, if the statute permits attorneys to carry handguns into courthouses, such an allowance violates separation of powers. The county's argument hinges on the theory that "[t]he legislature . . . does not have the authority to control the conduct within Arkansas courts, the judicial branch does." In support of this theory, the county cites Amendment 80, which provides, in part, that "[t]he Supreme Court shall prescribe the rules of pleading, practice and procedure for all courts." Ark. Const. amend. 80, § 3. This, in the county's eyes, establishes the judiciary's "inherent powers to control the conduct of persons in the court as the court sees necessary." But the county fails to cite any case or advance any convincing legal argument that sincerely supports such a broad reading of Amendment 80, section 3.

To support its proposition, Pulaski County cites *Burradell v. State*, in which this court held that there was an "inherent authority of the municipal judge to punish [a party] for contempt." 326 Ark. 182, 183, 931 S.W.2d 100, 101 (1996). But a court's power to hold parties before it in contempt is quite distinguishable from a court's ability to override a legislatively created positive right. *State v. Morrill*, 16 Ark. 384, 391–96 (1855) (discussing the genesis of a court's inherent contempt powers in English common law). In fact, this court has before noted that "[t]he separation of powers doctrine necessarily implies that a court has the constitutional authority to order these acts done which are necessary and essential for the court to operate[;] [h]owever, that constitutional authority does not extend past ordering acts which are necessary and essential for the court to operate." *Venhaus v. State ex rel. Lofton*, 285 Ark. 23, 28, 684 S.W.2d 252, 255 (1985).

Moreover, insofar as the county relies on Amendment 80, section 3, that provision commands the opposite result the county seeks. Although the constitution allows this court to establish rules concerning court practices and procedures, court rules "shall not abridge, enlarge or modify any substantive right." Ark. Const. amend. 80, § 3. Substantive rights arise from substantive law, which creates, defines, and regulates the rights, duties, and powers of the parties; i.e., substantive rights are rights of substance rather than form. *Edwards v. Thomas*, 2021 Ark. 140, at 13, 625 S.W.3d 226, 233 (Womack, J., concurring in part and dissenting in part).

It is not our role to second-guess a substantive policy determination of the General Assembly, which is exactly what section 5-73-122(b) is. *See id.* at 9, 625 S.W.3d at 231 (Womack, J., concurring in part and dissenting in part). Section 5-73-122(b) unequivocally

allows "officers of the court," i.e., attorneys, to carry handguns into courthouses. The General Assembly's decision to vest attorneys—among others—with the ability to carry a handgun in a courthouse is substantive law, not procedural. Thus, not only does Amendment 80 not vest such policymaking with the judiciary, it expressly prohibits the judiciary from acting in areas of substantive rights under the guise of regulating pleading, practice, and procedure. *See Venhaus*, 285 Ark. at 28, 684 S.W.2d at 255. If this were allowed, then all substantive rights would simply exist until they somehow affected the judiciary, and the court arbitrarily deemed them procedural. Further, the action of the General Assembly did not violate the separation of powers as it was clearly not exercising judicial power when it vested citizens with substantive, positive rights. *See* Ark. Const. art. 4, § 2.

Accordingly, the circuit court erred when it denied Corbitt's petition for a declaratory judgment. I would reverse on this point and remand with instructions to the circuit court to enter an order consistent with this opinion.

I respectfully concur in part and dissent in part.

WEBB, J., joins in this dissent.

*Corbitt Law Firm, PLLC*, by: *Chris P. Corbitt* and *Robert Steinbuch*, for appellant.

*Adam Fogleman*, *Veletta Smith*, *Frank W. Jenner*, and *Dominique Lane*, Pulaski County Attorney's Office, for appellees.