Cite as 2023 Ark. 119

# SUPREME COURT OF ARKANSAS
No. CV-23-98

| | | |
|---|---|---|
| LARRY DAVIS | | **Opinion Delivered:** September 21, 2023 |
| | PETITIONER | |
| V. | | |
| | | PRO SE PETITION FOR WRIT OF MANDAMUS |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | [CHICOT COUNTY CIRCUIT COURT, NO. 09CV-21-93] |
| | RESPONDENT | |
| | | PETITION GRANTED. |

**KAREN R. BAKER, Associate Justice**

Petitioner Larry Davis pleaded guilty to theft of property in 2019 in the Pulaski County Circuit Court, and he was sentenced as a habitual offender to sixty months' imprisonment.[1] Davis subsequently sought postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, which the trial court denied, and the Arkansas Court of Appeals affirmed. *Davis v. State*, 2021 Ark. App. 210. On November 17, 2021, Davis filed in the county of his incarceration a petition for habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Now before this court is Davis's pro se petition for writ of mandamus. The petition is granted. The purpose of a writ of mandamus is to enforce an established right or to enforce the performance of a duty. *Evans v. State*, 2022 Ark. 31, 638 S.W.3d 847. A writ of mandamus will not lie to control or review matters of discretion. *Id.* Issuance of the writ of mandamus is appropriate only when the duty to be

---

[1]The charges of commercial burglary and breaking or entering were nolle prossed.

compelled is ministerial and not discretionary. *Id.* Mandamus will compel a court to act but will not be used to tell a court how to decide a judicial question. *Williams v. Porch*, 2018 Ark. 1, 534 S.W.3d 152.

In his petition for writ of mandamus, Davis contends that the Honorable Quincy Ross, circuit judge, has failed to timely act on his petition for writ of habeas corpus. After an initial review of the petition, this court entered a per curiam order directing the State to respond to the petition. The State responded, noting that the circuit court has not yet ruled on the habeas petition and that "no action will be taken by the circuit court by the deadline for filing of this response. No explanation was provided to respondent." That is, the State was unable to determine a reason for the lengthy delay.

Mandamus will not lie to control or review matters of discretion but is warranted to enforce an established right. *Rodgers v. State*, 2020 Ark. 272, 606 S.W.3d 72. Here, mandamus does lie because a court has a ministerial duty to timely act on pleadings filed. *Id.* Davis's habeas petition has been pending since 2021, and no action has been taken, and the State's response offers no explanation for the extended delay. Accordingly, Davis's petition for the writ of mandamus is granted, and Judge Ross is directed to issue an order acting on the habeas petition within thirty days of the date of this opinion.

Petition granted.

*Larry Davis*, pro se petitioner.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for respondent.