Cite as 2025 Ark. 23

# SUPREME COURT OF ARKANSAS
**No.** CV–24–129

| | | |
|---|---|---|
| LARRY DAVID DAVIS | | **Opinion Delivered:** March 13, 2025 |
| | APPELLANT | PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT |
| V. | | [NO. 09CV-21-93] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION | | HONORABLE QUINCEY ROSS, JUDGE |
| | APPELLEE | AFFIRMED. |

**CODY HILAND, Associate Justice**

Larry David Davis appeals from the Chicot County Circuit Court's denial of his pro se petition for writ of habeas corpus. For reversal, Davis argues that (1) the Pulaski County Circuit Court did not have territorial jurisdiction to accept his plea for theft, and (2) his arrest was invalid because he was transported from prison "without any lawful authority." Because we agree with the circuit court that the allegations raised lacked merit, we affirm.

Davis pleaded guilty to theft of property in 2019 in the Pulaski County Circuit Court and was sentenced as a habitual offender to sixty months' imprisonment. Davis subsequently sought postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1, which the trial court denied, and the Arkansas Court of Appeals affirmed. *Davis v. State*, 2021 Ark. App. 210. Davis now appeals the denial of a petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 et seq. (Repl. 2016).

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id.* When the circuit court has personal jurisdiction over the appellant and over the subject matter, the court has authority to render the judgment. *Id.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes and has personal jurisdiction over offenses committed within the county over which it presides. *Fuller/Akbar v. Payne*, 2021 Ark. 155, 628 S.W.3d 366.

Under the statute, a petitioner for the writ who does not allege his or her actual innocence must either plead the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause that he or she is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Davis first contends that the trial court lacked territorial jurisdiction. The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ should issue. *Fields v. Hobbs*, 2013 Ark. 416. Here, Davis challenged the Pulaski County conviction for theft of property to which he pleaded guilty in 2019[1] but failed to present the sentencing order from that case with his petition. Because the challenged sentencing order is not in the record, Davis has failed to provide a record demonstrating that he pleaded guilty in a court that was outside the territorial jurisdiction. *See Story v. State*, 2017 Ark. 358 (Because an incomplete sentencing order was appended to the habeas petition, the record failed to substantiate a claim that the trial court lacked jurisdiction.).

Davis's second argument is additionally without merit. Questions pertaining to whether there was some error in the investigation, arrest, or prosecution of a criminal offense are not within the purview of a habeas corpus proceeding. *Myers v. Payne*, 2022 Ark. 156. Thus, because Davis's defective-arrest claim is not a cognizable claim, we need not address it further.

The circuit court did not clearly err when it denied Davis's petition for writ of habeas corpus.

Affirmed.

Special Justice KATIE HENRY joins.

BRONNI, J., not participating.

*Larry David Davis*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[1]*See Davis v. Payne*, 2023 Ark. 119, 673 S.W.3d 436.